Sally W. Harmeling, OSB No. 210433
sallyh@jdsalaw.com
Jeffers, Danielson, Sonn & Aylward, P.S.
PO Box 1688
Wenatchee, WA 98807-1688
Ph:  (509) 662-3685
Fax:  (509) 662-2452

Kenneth R. Davis II, OSB No. 971132
davisk@lanepowell.com
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Ph: (503) 778-2100
Fax: (503) 778-2200

Attorneys for Plaintiffs Meredith Lodging LLC,
Meredith Lodging Oregon Coast LLC, and
Meredith Lodging Central Oregon LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MEREDITH LODGING LLC, an Oregon limited liability company; MEREDITH LODGING OREGON COAST LLC, an Oregon limited liability company; MEREDITH LODGING CENTRAL OREGON LLC, an Oregon limited liability company, | Case No. 6.21-cv-00326-MC |
| | AMENDED COMPLAINT |
| Plaintiffs, | |
| | DEMAND FOR JURY TRIAL |
| vs. | |
| VACASA LLC, a Delaware limited liability company, | |
| Defendant. | |

AMENDED COMPLAINT
Page 1 of 31
4B28896

Plaintiffs Meredith Lodging LLC, Meredith Lodging Oregon Coast LLC, and Meredith Lodging Central Oregon LLC (collectively referred to in the singular as "Meredith Lodging"), allege as follows:

## I.    NATURE OF THE DISPUTE

*Truth matters. Whether the context is politics, science, or commercial advertising, dishonesty has consequences. Under the federal law known as the Lanham Act, a court may enjoin false statements made in commercial advertising when those statements harm, or are likely to harm, a competitor.*

*Suzie's Brewery Co. v. Anheuser-Busch Companies, LLC*[1]

1.    This is an action for false advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and for common law defamation per se under Oregon state common law. Frustrated by healthy and fair competition in its home-state from Meredith Lodging's much smaller, local, and family-owned business, Defendant Vacasa LLC ("Vacasa"), has embarked on a smear campaign surgically targeted at Meredith Lodging's homeowner customers, designed to unfairly snuff out that competition.

2.    Vacasa's sales representatives recently began systematically contacting homeowners whom they knew were under exclusive contract with Meredith Lodging, and disseminating false and misleading statements about Meredith Lodging. Unless the Court puts a stop to this misconduct, Vacasa appears poised to continue its strategy of undermining the

---

[1] 21-CV-178-SI, 2021 WL 472915, at *1 (D. Or. Feb. 9, 2021) (Simon, J.).

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

reputation and goodwill Meredith Lodging has spent years developing.

## II.    PARTIES

**A.    Plaintiffs.**

3.    Plaintiff Meredith Lodging LLC is an Oregon limited liability company with its principal place of business in Bend, Oregon. Plaintiff Meredith Lodging LLC also maintains an additional regional headquarters in Lincoln City, Oregon, and several other local offices in the markets it serves. Meredith Lodging manages vacation rental properties throughout Central Oregon and along the Oregon Coast.

4.    Plaintiff Meredith Lodging Oregon Coast LLC is an Oregon limited liability company with its principal place of business in Lincoln City, Oregon, and is a wholly owned subsidiary of Plaintiff Meredith Lodging LLC.

5.    Plaintiff Meredith Lodging Central Oregon LLC is an Oregon limited liability company with its principal place of business in Bend, Oregon, and is a wholly owned subsidiary of Plaintiff Meredith Lodging LLC.

**B.    Defendant.**

6.    Defendant Vacasa LLC is a Delaware limited liability company with its principal place of business in Portland, Oregon, and operating and doing business in the State of Oregon. Although Vacasa markets itself as an international vacation rental management company, it directly competes with Meredith Lodging in the vacation rental markets for properties located in Oregon.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

### III.     JURISDICTION & VENUE

7.      This action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and the laws of the State of Oregon.

8.      This Court has jurisdiction over this action under 28 U.S.C. § 1331, because it arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.* This Court has jurisdiction over the common-law claim for defamation per se because it is so related to the Lanham Act claim that it forms part of the same case and controversy, and therefore falls within the scope of this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b) and (c).

10.     Under LR 3-2, divisional venue lies in the Eugene Division because a substantial part of the events or omissions giving rise to Meredith Lodging's claims occurred in or concern properties located in Deschutes County, Oregon.

### IV.     FACTS

**A.      The Vacation Rental Management Industry.**

11.     The short-term vacation rental industry has grown rapidly in Oregon, across the United States, and throughout the world largely due to internet-based markets providing homeowners an opportunity to rent out their vacation homes when not personally in use. Families now have an affordable mechanism to purchase a second home for vacation use, allowing them to supplement household income with a share of the vacation rental proceeds.  In turn, vacation rental guests enjoy a beautiful destination and a taste of the local life in a *home*—an experience markedly different from a stay in a hotel.  Thus, short-term rentals are part of the new "sharing economy,"

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

where consumers now find ways to share under-used assets rather than committing scarce resources to building even more under-used assets.

12.    But sharing requires coordination. Vacation rental property management companies meet this need by combining local presence and technologies to synchronize and manage booking, reception, cleaning, maintenance, security, and other aspects of property management for homeowners.

**B.    Meredith Lodging and Its Business.**

13.    Meredith Lodging is a family-owned and -operated vacation home rental management company, managing rental properties throughout Central Oregon and along the Oregon Coast. Meredith Lodging maintains an Oregon Coast headquarters in Lincoln City and a Central Oregon headquarters in Bend. In addition, Meredith Lodging has local offices and locally-based staff and support teams in Bella Beach, Waldport, Depoe Bay, Neskowin, Pacific City, Manzanita, Seaside, and Sunriver.

14.    Homeowners in these areas contract with Meredith Lodging to manage virtually every aspect of renting out their vacation homes, including:

- marketing and advertising the vacation homes available to rent;

- screening potential guests;

- contracting with guests to rent the vacation homes;

- booking guests in their chosen vacation homes for their chosen period of stay;

- ensuring guests have access to the properties they rent and return the keys when they depart;

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

- collecting rental payments from guests and remitting payment to homeowners;

- making sure homes are cleaned after guests leave before the next set of guests arrive;

- ensuring the vacation homes are well-maintained; and

- offering other guest and hospitality services so that guests thoroughly enjoy their stay.

15.    As is industry standard for vacation rental property management, Meredith Lodging secures exclusive property management contracts with the homeowners whose properties it manages. This ensures Meredith Lodging is able to control and plan for rental scheduling, and coordinate bookings, maintenance, cleanings, and other logistics, and provide a consistent customer experience to every guest who books a stay through Meredith Lodging.

16.    In keeping with industry standard, the first sentence of the first paragraph of all Meredith Lodging homeowner contracts reads: "*Owner hereby contracts with and retains Agent as the Owner's exclusive listing agent for the rental of the Property*."

17.    Under these contracts, Meredith Lodging is compensated based on a percentage of the rent it collects from managing a homeowner's property. Because Meredith Lodging generates revenue based on the amount of rent it collects from managing properties, maximizing bookings for each property is mutually beneficial to both Meredith Lodging and the homeowners who contract with it. This business model means that Meredith Lodging's revenue and profits correspond to the number of homes it manages.

18.    The market share for vacation rental management companies in each geographic

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

area is typically zero-sum. Because there are only a finite number of vacation homes to rent in a given area, companies operating in the same geographic area necessarily compete for opportunities to rent the same properties.

19.     By serving as an essential intermediary between homeowners and guests, Meredith Lodging effectively has two sets of clients: (i) the guests who rent vacation homes through Meredith Lodging and (ii) the homeowners whose vacation homes Meredith Lodging manages and rents to guests.

20.     Meredith Lodging invests significant resources in promoting the business interests of its homeowners. Meredith Lodging employs managers to manage negative reviews by guests, much like other companies in industry (including Vacasa). As part of its unique business model, Meredith Lodging also maintains physical offices with staff and support teams in all locations where it manages homes. This ensures that both guests and homeowners have ready access to a company contact should problems arise during a stay. Indeed, Meredith Lodging's investment in its local presence in each geographic area where it operates is one of the key factors that distinguishes it from competing vacation rental management companies.

21.     As of this date, Meredith Lodging does not manage vacation rental properties located outside the State of Oregon.

22.     Even so, Meredith Lodging's guests and homeowners reside in many different states throughout the country.

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

C.    **Vacasa and Its Business.**

23.    Vacasa is also a vacation rental management company.

24.    On information and belief, Vacasa manages over 25,000 vacation rental properties located in 17 countries and 31 U.S. states.

25.    Vacasa also manages vacation rental properties in many of the same geographic areas in Oregon as Meredith Lodging, including properties along the Oregon Coast, in Central Oregon, and in or near the city of Bend, Oregon.

26.    On information and belief, much like Meredith Lodging, Vacasa generates more revenue when it manages additional vacation rental properties.

27.    On information and belief, Vacasa requires the homeowners whose properties it manages to sign exclusive management contracts.

28.    Because Vacasa manages vacation rental properties in the same geographic areas as Meredith Lodging, Vacasa directly competes with Meredith Lodging for the opportunity to manage rental properties in these areas.

29.    Vacasa has previously sent out promotional mailers to homeowners with properties located in the same geographic areas where Meredith Lodging manages vacation rental properties.

30.    On information and belief, Vacasa has delivered these promotional mailers with the goal of increasing its market share in these areas.

31.    On information and belief, Vacasa's promotional mailers include the following text: "*This letter is not intended to solicit the breach of any exclusive agreement for rental property management.*"

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

32.     Vacasa also implements a program called "The Vacasa Performance Commitment." Vacasa's website describes "The Vacasa Performance Commitment" as follows: "When you switch to Vacasa from another vacation rental manager, we'll commit to earning you just as much in your first year with us.[2] If we fail to deliver, we'll refund you the difference, up to the full amount of our management fee. Think of it as a win-win." The Vacasa Performance Commitment,   https://www.vacasa.com/property-management/vacasa-performance-commitment (last visited July 16, 2021). A footnote on that webpage states, "Terms and conditions apply. Speak to a representative to find out if you qualify. This offer is not intended to solicit the breach of any exclusive agreement for rental property management." *Id.* (underline added).

33.     In addition to marketing itself through written advertisements and promotional materials distributed through the mail and internet, Vacasa also employs a number of sales representatives to market its business through direct cold calls to the owners of homes suitable for short term vacation rentals in a given market.

34.     Two former employees of Vacasa have informed Meredith Lodging that Vacasa hires sales representatives whose primary, if not exclusive, responsibility is to cold call homeowners and attempt to persuade them to hire Vacasa to manage their home or to switch from competing management companies to Vacasa.

35.     These cold calls typically follow a similar pattern. Vacasa's sales representatives begin the phone call by introducing themselves and mentioning something about the homeowner's listing on an online listing service, such as VRBO.com, without disclosing that the sales representative is affiliated with Vacasa. This will give homeowners the false or misleading

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

impression that the sales representative is a potential renter rather than a sales employee seeking to solicit their business.

36.    After getting the homeowner's attention under false pretenses, Vacasa's sales representatives then deploy an array of sales tactics to try and solicit the homeowner's business.

37.    In many instances, Vacasa's sales representatives make statements to the effect that Vacasa will meet or beat the income or revenue a homeowner made in a previous year with a competing vacation rental management company and represent that Vacasa will guarantee that it will match that amount or pay $5,000.00 more.

38.    Vacasa's sales representatives also often attack competing vacation rental management companies during these calls.

39.    On information and belief, Vacasa also attempts to increase its market share in local markets by directing its sales representatives to solicit homeowners under contract with specific competitors in those markets.

40.    For example, one former Vacasa employee informed Meredith Lodging that she was directed and offered a bonus to solicit homeowners under contract with Oregon Beach Vacation rentals, another short term vacation rental management company based in Oregon.

**D.    Vacasa Begins an Unfair Campaign to Poach Meredith Lodging's Homeowners, Using False and Misleading Representations.**

41.    Vacasa recently began a campaign to systematically contact and poach business from homeowners under exclusive contract with Meredith Lodging. In many instances, Vacasa's representatives made false or misleading statements about Meredith Lodging to these homeowners.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

42.     The following paragraphs contain a non-exclusive list of these attempts known to Meredith Lodging from its investigation to date. Unless otherwise specified, all allegations are based on the descriptions provided by homeowners and former Vacasa employees to representatives of Meredith Lodging.

43.     On information and reasonable belief, all phone calls described in the following paragraphs were recorded by Vacasa, and those recordings were maintained by and are in the exclusive control of Vacasa.  Vacasa's own website indicates that it may automatically record phone calls when permitted by law. *See* Vacasa's online privacy policy, *Policies*, Vacasa, https://www.vacasa.com/policies#section3 (last updated January 1, 2020) ("When you communicate with Vacasa using electronic means, we automatically collect the contents of the communication. In some cases, where permitted by law, we may automatically record phone calls for quality assurance and training purposes.") (underline added).

44.     **Heidi Wright.** Heidi Wright is a resident of Oregon who contracted with Meredith Lodging to manage a home she owns in Bend, Oregon. On or around March 12, 2021, Ms. Wright spoke with Jordan Grant of Meredith Lodging about an interaction she had with a Vacasa sales representative.

45.     On or around November 20, 2020, Ms. Wright spoke with Christian Sadler, a Vacasa sales representative. Previously, Ms. Wright had missed around 3–4 calls from Mr. Sadler's phone number, which she did not recognize.

46.     During the call, Mr. Sadler told Ms. Wright that he was looking for her home on AirBnB and VRBO, but that it was not showing up and that it looked like Meredith Lodging was

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

not doing any marketing for her home. This statement was false; in fact, a guest who had booked through AirBnB was staying in Ms. Wright's home the very same day of her call with Mr. Sadler on November 20, 2020. Given that Mr. Sadler's statements contradicted the booking history for Ms. Wright's home without reasonable explanation, on information and reasonable belief, he either had no basis to make these statements or he intentionally made misrepresentations of fact.

47.     Ms. Wright responded to Mr. Sadler that her home was doing great financially in the program, she was having a great year, and that it seemed whatever Meredith Lodging was doing to market the home was working. Mr. Sadler responded "then it must be priced incorrectly." Given that Mr. Sadler claimed to be unable to find Ms. Wright's home listing on AirBnB and VRBO and claimed to believe Meredith Lodging was not marketing her home, it is unclear what factual basis Mr. Sadler would have had to determine the home was priced incorrectly. On information and belief, this statement was literally false, false by necessary implication, or, at the very least, likely to mislead, confuse, or deceive because either Mr. Sadler had no basis to make this claim or he was intentionally making misrepresentations of fact.

48.     **The Tamayos.** Aleksander and Barbara Tamayo are residents of California who have contracted with Meredith Lodging to manage a home they own located in Waldport, Oregon, which is marketed under the name "Amanda's Cottage."

49.     Meredith Lodging maintains a physical office in Waldport, Oregon with locally based staff.

50.     On information and belief, Vacasa does not maintain a physical office in Waldport, Oregon.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

51.     In or around January 2021, an employee or other representative of Vacasa contacted Mr. Tamayo by phone and tried to persuade him to leave Meredith Lodging and switch the management of Amanda's Cottage over to Vacasa.

52.     During that phone call, on information and belief, the Vacasa representative told Mr. Tamayo there were "reviews on VRBO for Meredith Lodging stating that there is a lack of cleanliness" and Meredith Lodging "had no manager review for negative reviews," all while claiming Vacasa "could manage the property better."

53.     Following that call, Ms. Tamayo contacted Meredith Lodging and asked to follow-up on the reviews, and ensure any negative reviews were addressed.

54.     The Vacasa representative's statement to Mr. Tamayo that Meredith Lodging "had no manager review for negative reviews" is literally false. Meredith Lodging employs multiple managers to manage negative reviews.

55.     Even if not literally false on its face, the statement that there were "reviews on VRBO for Meredith Lodging stating that there is a lack of cleanliness" when considered in connection with the statement that Meredith Lodging "had no manager review for negative reviews" is false by necessary implication or, at the very least, least likely to mislead, confuse, or deceive. When considered in context, this statement creates the false or misleading message that Meredith Lodging fails to address negative internet reviews as they might arise.

56.     Even if technically true, the statement that there were "reviews on VRBO for Meredith Lodging stating that there is a lack of cleanliness" when considered in connection with the statement that Vacasa "could manage the property better" is, at the very, least likely to mislead,

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

confuse, or deceive. The listings for rental properties located in Waldport, Oregon on Vacasa's own website are replete with reviews complaining about "cleanliness." So, for example, the Vacasa representative's statement could falsely imply that properties managed by Vacasa are devoid of any complaints about cleanliness; that the number of alleged complaints on VRBO was excessively or disproportionately high; or that the existence of a single or handful of isolated internet complaints are necessarily indicative of inferior or poor management (which would necessarily apply to Vacasa too).

57. **Robert Sesar.** Robert Sesar is a California resident who has contracted with Meredith Lodging to manage a home he owns located in Lincoln City, Oregon, which is marketed under the name "Just Beachy."

58. On or around January 14, 2021, an employee or other representative of Vacasa contacted Mr. Sesar by calling his personal cell phone, and tried to persuade Mr. Sesar to leave Meredith Lodging and switch the management of Just Beachy over to Vacasa.

59. On information and belief, Mr. Sesar's personal cell phone number is not publicly available information. Meredith Lodging does, however, have Mr. Sesar's personal cell phone number in its internal, confidential business records.

60. During that phone call, the Vacasa representative told Mr. Sesar that Vacasa "had heard a lot of complaints about Meredith Lodging and its housekeeping teams."

61. When a representative of Meredith Lodging tried calling the Vacasa representative's phone number back later, he received a voicemail from a person who identified herself as "Rachel Sesan/Seesan."

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

62.     On information and belief, the Vacasa representative's statement to Mr. Sesar that Vacasa "had heard a lot of complaints about Meredith Lodging and its housekeeping teams" is literally false, false by necessary implication, or, at the very least, likely to mislead, confuse, or deceive.

63.     Additionally, on or around March 13, 2021, one of Meredith Lodging's housekeeping managers informed Meredith Lodging's Oregon Coast General Manager, Jordan Grant, that she was approached by a woman claiming to be with Vacasa who said Vacasa would pay her more per hour to come work for them. The fact that Vacasa would attempt to solicit a competitor's employees whose quality of work Vacasa had criticized in attempting to solicit new business from the same employer's customers suggests Vacasa's statements were made in bad faith and were false or misleading.

64.     **John Reilly.** John Reilly is an Oregon resident who has contracted with Meredith Lodging to manage a second home he owns in Bend, Oregon, which is marketed under the name "Ski House 227."

65.     In or around January 2021, Karinda Boone—an employee or other representative of Vacasa—contacted Mr. Reilly and tried to persuade him to leave Meredith Lodging and switch to Vacasa. Meredith Lodging is familiar with Ms. Boone because she previously applied for an owner relations position and interviewed with members of the company.

66.     Around that time, Ms. Boone provided Mr. Reilly with a document purporting to compare the rental income he could earn if he left Meredith Lodging and switched the management of Ski House 227 over to Vacasa.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

67.    Ms. Boone also contacted Mr. Reilly by phone and represented to him that Vacasa has had homeowners switch over from Meredith Lodging because of what she called "lack of cleanliness." When Mr. Reilly asked Ms. Booth for references or other information to substantiate her representations, however, Ms. Booth was unable to provide any corroborating information.

68.    On information and belief, Ms. Boone's statements to Mr. Reilly as alleged above in paragraph 67 were false or misleading because she had no factual basis to make these claims when asserted. For example, when Mr. Reilly asked Ms. Boone for references to substantiate her representation, Ms. Boone failed or was unable to supply any references or verifying information.

69.    **The Greshes.** Kelly and Bryan Gresh are residents of Nevada who have contracted with Meredith Lodging to manage a home they own in South Beach, Oregon, which is marketed under the name "The Ocean Lounge."

70.    On or before February 13, 2021, an employee or other representative of Vacasa—whose name, on information and belief, is Christian Sadler—contacted Ms. Gresh on her cell phone and tried to persuade her to leave Meredith Lodging and switch the management of The Ocean Lounge over to Vacasa.

71.    Ms. Gresh informed Meredith Lodging in an email dated February 13, 2021 that she did "not know how they got my cell phone number," and that Mr. Sadler represented to her that Vacasa "had been talking to a lot of unhappy Meredith Lodging customers" and "could guarantee the Greshes more revenue and bookings than they had with Meredith in the prior year."

72.    Ms. Gresh also later informed Meredith Lodging that Mr. Sadler told her during their call that Vacasa was reaching out to other Meredith Lodging clients and representing that

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

Vacasa guarantees those clients more income than what Meredith Lodging is generating.

73.    On information and belief, the statements made by Mr. Sadler to Ms. Gresh that Vacasa "had been talking to a lot of unhappy Meredith Lodging customers" is literally false, false by necessary implication, or, at the very least, likely to mislead, confuse, or deceive.

74.    The statement made by Mr. Sadler to Ms. Gresh that Vacasa "could guarantee the Greshes more revenue and bookings than they had with Meredith in the prior year" is literally false, false by necessary implication, or, at the very least, likely to mislead, confuse, or deceive. Vacasa cannot guarantee more bookings that Greshes had with Meredith in the prior year because the number of bookings in a given year is subject to external factors (e.g., market trends, regulatory changes, natural disasters) outside the control of any property management company. Indeed, Vacasa's written promotional materials specifically disclaim responsibility for "actual rental income" (i.e., the income derived through actual bookings).

75.    To the extent Mr. Sadler meant to solely reference the "revenue guarantee" or "income guarantee" provided through Vacasa's "Performance Commitment" program—i.e., entering into a contractual commitment to refund the difference in revenue a homeowner earned with a previous rental management company during their first year with Vacasa—Mr. Sadler's statement was still false by necessary implication, or, at the very least, likely to mislead, confuse, or deceive. Indeed, Vacasa's written promotional materials make clear that homeowners must independently qualify to obtain such a "revenue or income guarantee" and that they are not automatically entitled to such "revenue or income guarantee" merely by virtue of switching management. On information and belief, a homeowner must submit significant financial data and

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

information to Vacasa to even be considered for this program, many of whom choose not to do so, given this burden. Even then, on information and reasonable belief, Vacasa reserves the sole right to determine from the information submitted what it thinks a homeowner "actually earned," giving it unilateral discretion to determine an amount that reasonable persons could disagree with. Further, Vacasa's "Performance Commitment" information on its website indicates that the refund is limited by up to the full amount of Vacasa's management fee; thus, if Vacasa's management fee exceeds the prior management company's fee, a homeowner would earn less money if actual rental income did not exceed the prior year. Mr. Sadler's failure to disclose the many strings attached in his call makes his statements false by necessary implication, or, at the very least, likely to mislead, confuse, or deceive.

76.    **The Sagers.** Jennifer and Steve Sager are Oregon residents who have contracted with Meredith Lodging to manage a second home they own in Waldport, Oregon, which is marketed under the name "The Nautical House."

77.    On or around January 26, 2021, an employee or other representative of Vacasa contacted Ms. Sager on her personal cell phone, and while acknowledging Vacasa knew the Sagers were with Meredith Lodging, tried to persuade them to leave Meredith Lodging and switch the management of The Nautical House over to Vacasa.

78.    Ms. Sager subsequently informed Meredith Lodging about this call, and said she had no idea how Vacasa obtained her personal cell phone number.

79.    On information and belief, Ms. Sager's personal cell phone number is not publicly available information.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

80.    **Barbara Browne.** Barbara Browne is a resident of California who has contracted with Meredith Lodging to manage a home she owns in Waldport, Oregon, which is marketed under the name the "Browne House."

81.    In or around February 2021, an employee or other representative of Vacasa called Ms. Browne and, on information and belief, led her to believe during the first minutes of the call that he was associated with Meredith Lodging (even though he was not) before trying to persuade her to leave Meredith Lodging and switch the management of the Browne House over to Vacasa.

82.    During that call, Ms. Browne recalls the sales representative offering her $5,000 to switch to Vacasa.

83.    Ms. Browne told the Vacasa representative that she did not appreciate that type of call and asked him not to call again.

84.    **Jim Kiel.** Jim Kiel has contracted with Meredith Lodging to manage a home he owns in Waldport, Oregon, which is marketed under the name "Twain House." On February 28, 2021, Mr. Kiel informed Jordan Grant about a call he received from a Vacasa sales representative named Rachel.

85.    On or around January 6, 2021, Rachel called and left a voicemail on Mr. Kiel's phone, which did not disclose she was with Vacasa, and instead, made it sound as if she was a potential renter and looking on VRBO. Mr. Kiel was confused why a potential renter was contacting him directly, but he returned the call so as not to lose a potential rental. During that call, Rachel stated that she was from Vacasa and asked Mr. Kiel about the amount of rent he made and for other details about the rental house. During the call, Mr. Kiel felt uneasy about the conversation

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

and halted the discussion, but Rachel continued to ask him questions until Mr. Kiel hung up.

86.    **The Berhs.** Sarah Behr and her husband are residents of Oregon who contract with Meredith Lodging to manage a second home they own Waldport, Oregon, which is marketed under the name "Sandpiper Cottage."

87.    On or around January 26, 2021, Christian Sadler—a Vacasa employee or other representative—called the husband of Sarah Behr (both of whom have contracted with Meredith Lodging for the management of a home they own) on his cell phone. On information and belief, Mr. Sadler called from a cell phone. Vacasa then emailed Ms. Behr repeatedly following Mr. Sadler's phone call.

88.    **The Parries.** Jim and Norma Parrie are residents of California who contract with Meredith Lodging to manage a home they own in South Beach, Oregon, which is marketed under the name "Sea You Round."

89.    On or around February 2, 2021, Mr. Sadler called Jim Parrie, another homeowner who has contracted with Meredith Lodging, on Mr. Parrie's cell phone, without Mr. Parrie's authorization. Norma Parrie also recalls receiving a mailing from Vacasa purporting to guarantee that Vacasa will improve revenue by $5,000.00.

90.    On information and belief, based on the similarity of the statements made by Vacasa's representatives in such a short period of time to the same target audience (homeowners currently under contract with Meredith Lodging), and given that at least one former employee has come forward with information that she was directed and offered a bonus to specifically target a competitor, Vacasa's management directed its sales representatives to contact homeowners who

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

are managed by Meredith Lodging and disseminate false and misleading statements about Meredith Lodging as part of an organized campaign to penetrate the relevant market. For example, as alleged above, Vacasa representatives contacted homeowners through phone numbers that are not publicly available, indicated to the homeowners that the representative knew the homeowners were currently under contract with Meredith Lodging, and represented that Vacasa had been speaking with other homeowners under contract with Meredith Lodging. All of this suggests Vacasa has engaged in an organized campaign to solicit business from homeowners under contract with Meredith Lodging.

91.    On information and belief, Vacasa's agents and employees have also made other false or misleading statements in oral conversations to other Homeowners under contract with Meredith Lodging that are similar or identical to the false statements alleged above, the full extent of which can only be confirmed through discovery. On information and belief, the primary, if not sole, responsibility of Christian Sadler, Rachel Seesan, Karinda Boone, and the other Vacasa sales representatives (whose true identities are currently unknown) was to cold call homeowners and try to persuade them to retain Vacasa or switch the management of their homes to Vacasa. On information and belief, in the course and scope of performing of their employment, these representatives contacted other homeowners under contact with Meredith Lodging in addition to the homeowners identified above. On information and belief, these representatives made false or misleading statements to such homeowners that are similar or identical to the false or misleading statements alleged above.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

**E.     Dissemination.**

92.     Meredith Lodging manages approximately 700 short term vacation rental homes in the State of Oregon.

93.     Of the 10 enumerated instances of attempted solicitation alleged above, eight cold calls were made to homeowners with homes located in Lincoln County, Oregon, and two cold calls were made to homeowners with homes located in Deschutes County, Oregon.

94.     In those territories, Meredith Lodging manages approximately 320 homes in Lincoln County, Oregon and approximately 200 homes in Deschutes County, Oregon.

95.     Meredith Lodging estimates that there are approximately 2,200 homes under management or available for management in Lincoln County, Oregon.

96.     Meredith Lodging estimates that there are approximately 3,000 homes under management or available for management in Central Oregon, which includes Deschutes County, Oregon.

97.     As alleged above, the market share for vacation rental management companies in each geographic area is typically zero-sum because there are only a finite number of vacation homes to rent in a given area, homeowners enter into exclusive contracts with management companies, and the inventory or supply of homes is inelastic. The inventory of rental homes available to manage in a geographic area typically only increases if one of three events occur: (1) a homeowner who self-manages renting a vacation home decides to hire a management company; (2) a new homeowner who wants to rent through a management company purchases a home from

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

either a full-time resident, a homeowner who chose not to rent, or a homeowner who self-manager their rentals; or (3) a real estate developer builds more homes. The likelihood of any of these events occurring is generally ad hoc, and subject to factors outside the influence of a rental management company.

98.     As a result, a company seeking to increase its market share cannot rely on simply capturing all the new inventory that becomes available. By extension, the most effective and dependable way for a company to increase its market share is to capture existing inventory from its competitors.

99.     Additionally, marketing to homeowners who are not already under contract with a management company is much different than marketing to homeowners already under contract. As to the former, the crucial considerations are whether to rent at all, and if so, whether to hire a management company. In this event, a company would be more likely to focus on promoting the benefits of their services than disparaging a competitor since the homeowner lacks the same reference point. As to the latter, these homeowners have already made both decisions, so the question becomes whether a different company can do better. In that event, a company will be more inclined to compare itself to competitors.

100.     This explains why Vacasa has a "Performance Commitment" targeted at homeowners who "switch to Vacasa from another vacation rental manager." The Vacasa Performance Commitment, https://www.vacasa.com/property-management/vacasa-performance-commitment (last visited July 16, 2021).

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

101.    In any event, capturing new inventory is not inherently harmful to a given competitor, unlike when a homeowner switches from one company to a competitor.

102.    Moreover, even when advertising to homeowners under contract with a management company, a logical company will focus on comparing itself to the management company with whom the homeowner is currently under contract. For these homeowners, the crucial question is:  Should they stay where they are, or look elsewhere? And for a competitor trying to pry away these homeowners, it makes no sense to disparage third-party competitors if the competitor has no reason to believe the homeowner is even considering these third-parties, much less that the homeowner knows they exist. After all, why put the thought in a homeowner's head to look beyond what your company offers?

103.    In light of this, for purposes of Meredith Lodging's Lanham Act claim, the relevant inquiry for dissemination is number  of homeowners currently under contract with Meredith Lodging in Lincoln County, Oregon, and Deschutes County, Oregon (i.e., Meredith Lodging's existing customer base in these territories), which is total of 520 homes.

## V.    FIRST CLAIM FOR RELIEF

### (False Advertising – 15 U.S.C. § 1125(a)(1)(B))

104.    Meredith Lodging realleges and incorporates by reference the allegations contained in paragraphs 1 through 103 above.

105.    In 1988, Congress enacted The Trademark Law Revision Act of 1988, which expanded § 43(a) of the Lanham Act to encompass actions in which the defendant has falsely disparaged the plaintiff's goods or services. Under Section 43(a) of the Lanham Act, 15 U.S.C. §

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

1125(a)(1)(B), a false advertising claim arises when "any person who, on or in connection with any goods or services … uses in commerce any … false or misleading description of fact, or false or misleading representation of fact, which … in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities[.]"

106.    A false advertising claim under this section of the Lanham Act has five elements: (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant caused its false statement to enter interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

**A.    Element One—Falsity.**

107.    As alleged and more specifically described in paragraphs 41 through 91 above, Vacasa made oral statements in cold calls to homeowners under contract with Meredith Lodging that are literally false, false by necessary implication, or, at the very least, likely to mislead, confuse and deceive.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

**B.      Element One—Commercial Advertisement.**

108.     Although made by individual Vacasa representatives to individual Meredith Lodging homeowners, the above-referenced statements collectively qualify as commercial advertising or promotion within the industry.

109.     To qualify as a commercial advertisement, the statement must be (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services; and (4) the advertisement or promotion must be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within that industry.

110.     The statements made by Vacasa's representatives are commercial speech.

111.     Vacasa is in commercial competition with Meredith Lodging in the vacation rental management business because both companies directly compete to manage the same homes located in certain geographic areas.

112.     The statements made by Vacasa's representatives were made for the purpose of influencing homeowners to use Vacasa's services because Vacasa's representatives made these statements to promote the quality of Vacasa's services in conversations in which they also tried to persuade homeowners to use Vacasa rather than Meredith Lodging.

113.     As alleged and more specifically described above in paragraphs 41 through 103 above, on information and belief, Vacasa's representatives sufficiently disseminated false or misleading statements to the relevant market, which should be defined as the number homeowners under contract with Meredith Lodging (i.e., Meredith Lodging's existing customer base) in the

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

territories where Vacasa disseminated these statements. In addition to the cold calls currently known to Meredith Lodging the circumstances of which are alleged above, the circumstances reasonably suggest Vacasa has also cold called many other homeowners under contract with Meredith Lodging and made similar false or misleading statements during those calls as well.

**C.    Element Two—Deception.**

114.    Because many of Vacasa's false statements were literally false or false by necessary implication, consumer deception is presumed.

115.    To the extent that some of Vacasa's statements are only misleading, they have still actually deceived consumers and are likely to deceive other consumers. For example, as alleged in paragraphs 52 and 53, after a Vacasa representative falsely told Aleksander Tamayo that Meredith Lodging did not have a manager to manage negative reviews, Barbara Tamayo contacted Meredith Lodging to ask about management of negative reviews.

**D.    Element Three—Materiality.**

116.    Vacasa's misrepresentations and false and misleading statements of fact regarding Meredith Lodging are material to consumers and will improperly draw current Meredith Lodging homeowners and prospective homeowners to Vacasa and away from Meredith Lodging.

**E.    Element Four—Interstate Commerce.**

117.    By making its misrepresentations and false and misleading statements of fact regarding Meredith Lodging to and from cell phones—which are instrumentalities of interstate commerce—to homeowners residing across state lines, and disseminating written communications in connection with these oral statements using email (which is also an instrumentality of interstate

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

commerce), Vacasa caused its false statements to enter interstate commerce, in violation of the Lanham Act, 15 U.S.C. § 1125(a).

118.    Further, because the vacation rental management industry in Oregon attracts homeowners and guests from different states throughout the U.S., the intra-state effect of Vacasa's false statements substantially effect interstate commerce.

**F.    Element Five—Injury.**

119.    As a result of Vacasa's willful and deliberate misrepresentations and false and misleading statements of fact regarding Meredith Lodging, Meredith Lodging is likely to be injured, either by a direct diversion of revenue from Meredith Lodging to Vacasa or by a lessening of the goodwill associated with Meredith Lodging's services, entitling Meredith Lodging to damages in an amount to be proven at trial.

120.    Meredith Lodging has no adequate remedy at law because Vacasa's misrepresentations and false and misleading statements regarding Meredith Lodging's services have damaged, and will continue to damage, Meredith Lodging's ability to compete fairly in the market, such that damages alone cannot fully compensate Meredith Lodging for Vacasa's misconduct. Unless enjoined by this Court, Vacasa will continue to make misrepresentations and false misleading statements of fact that disparage Meredith Lodging in connection with Vacasa's marketing and promotion of its own services, that will, in turn, likely confuse, mislead, or deceive homeowners and improperly draw homeowners to Vacasa, causing irreparable injury to the business, goodwill, and reputation of Meredith Lodging. This threat of future injury to Meredith Lodging's business, goodwill, and reputation requires preliminary and permanent injunctive relief.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

121.    Vacasa knew or should have known that its statements regarding Meredith Lodging were false statements of fact. Under the circumstances and, especially given the relative financial disparity between the parties, Vacasa's knowing false statements constitute exceptional, willful, and deliberate conduct. Accordingly, Meredith Lodging is entitled to its attorneys' fees and costs incurred in connection to this lawsuit under 15 U.S.C. § 1117.

## VI.    SECOND CLAIM FOR RELIEF

### (Defamation Per Se)

122.    Meredith Lodging realleges and incorporates by reference the allegations contained in paragraphs 1 through 103 above.

123.    Defamation in Oregon has three elements: (1) the making of a defamatory statement; (2) publication of the defamatory material; and (3) a resulting special harm, unless the statement is defamatory per se and therefore gives rise to presumptive special harm.

124.    Vacasa's statements to homeowners that Meredith Lodging did not have a manager to manage negative reviews, suffered from lack of cleanliness, and had problems with its housekeeping staff are defamatory because they are false, harm Meredith Lodging's reputation, lower its estimation in the community, deter homeowners from associating or dealing with the company, and ascribe conduct and characteristics incompatible with the proper conduct of a lawful or quality business in the hospitality industry.

125.    Vacasa published these statements by making them directly to homeowners via oral conversations over the phone, including the conversation with the Tamayos (paragraphs 48

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA 98807-1688

through 56); the conversation with Robert Sesar (paragraphs 57 through 63); and the conversation between Karinda Booth and John Reilly (paragraphs 64 through 68).

126.    The above-referenced statements are defamatory per se because they are likely to injure Meredith Lodging in its profession and trade and ascribe conduct and characteristic incompatible with the proper conduct of a lawful or quality business, trade, or profession.

## VII.    RELIEF REQUESTED

WHEREFORE, Meredith Lodging is entitled to judgment that:

1.    Vacasa and its employees, contractors, agents, servants, offices, and/or members, and all other persons in active concert with Vacasa be enjoined and restrained from falsely advertising about Meredith Lodging;

2.    Vacasa be required to pay Meredith Lodging all damages Meredith Lodging has suffered as a result of Vacasa's misrepresentations and false and defamatory statements, including, but not limited to, lost revenue, damages to goodwill, any and all other actual damages, and presumptive damages for defamation per se, in an amount to be proven at trial;

3.    Vacasa be required to pay Meredith Lodging's reasonable attorneys' fees, costs, and expenses; and

4.    Meredith Lodging be granted such other relief as the Court deems just and equitable.

//

//

//

**JEFFERS, DANIELSON, SONN & AYLWARD, P.S.**
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688

DATED this 21st day of July, 2021.

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.


By_____/s/ Sally W. Harmeling_____

SALLY W. HARMELING, OSB No. 210433
Email: sallyh@jdsalaw.com
Phone:  (509) 662-3685

JEFFERS, DANIELSON, SONN & AYLWARD, P.S.
Attorneys at Law
(509) 662-3685 / FAX (509) 662-2452
2600 Chester Kimm Road / P.O. Box 1688
Wenatchee, WA  98807-1688